**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1904
_____

STANLEY J. CATERBONE,
                                        Appellant

v.

NATIONAL SECURITY AGENCY, also known as NSA; DEFENSE ADVANCED
RESEARCH PROJECTS AGENCY, also known as DARPA; DEPARTMENT OF
DEFENSE; DEFENSE INTELLIGENCE AGENCY, also known as DIA; CENTRAL
INTELLIGENCE AGENCY, also known as CIA; FEDERAL BUREAU OF
INVESTIGATION, also known as FBI; UNITED STATES DEPARTMENT OF
JUSTICE; UNITED STATES ATTORNEY GENERAL; PENNSYLVANIA STATE
POLICE;  PENNSYLVANIA ATTORNEY GENERAL; LANCASTER COUNTY
COMMISSIONERS; LANCASTER COUNTY CRISIS INTERVENTION;
LANCASTER COUNTY SHERIFFS DEPARTMENT; LANCASTER MAYOR
RICHARD GRAY; LANCASTER CITY BUREAU OF POLICE;  DETECTIVE
CLARK BEARINGER, LANCASTER CITY BUREAU OF POLICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-17-cv-00867)
District Judge:  Honorable Edward G. Smith
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect; Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B), or Possible Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2017

Before:  AMBRO, GREENAWAY, Jr., and SCIRICA, Circuit Judges

(Opinion Filed: October 13, 2017)

_____

OPINION[*]

_____

PER CURIAM

Stanley J. Caterbone, a self-described "victim of U.S. sponsored mind control and cointelpro harassment program," appeals from the dismissal of his complaint by the United States District Court for the Eastern District of Pennsylvania. We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

We first consider our jurisdiction to consider this appeal. The District Court dismissed most of Caterbone's claims with prejudice, but it dismissed others without prejudice, allowing Caterbone 30 days in which to file a second amended complaint concerning events surrounding his involuntary commitments in July 2015 and February 2016. Dkt. ##5, 6.[1] We have jurisdiction to consider final orders. Thus, we generally do not have jurisdiction to consider an appeal from an order where any of the claims have been dismissed without prejudice. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). But because Caterbone did not file a second amended complaint within the time that the District Court allowed, the dismissal of his claims

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Court also dismissed without prejudice claims surrounding an incident occurring on March 8, 2016, in Maryland, but allowed Caterbone to file a complaint as to that incident only in the United States District Court for the District of Maryland. Id.

2

without prejudice has become final. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

Under 28 U.S.C. § 1915(e)(2)(B)(i), we must dismiss any action that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We agree with the District Court that the claims of the amended complaint that were dismissed with prejudice consisted of rambling and vague allegations that lacked any arguable basis in fact. And to the extent any of the allegations were grounded in reality, those claims failed for the other reasons given by the District Court: (1) the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, as it lacked "a short and plain statement of the claim showing that the pleader is entitled to relief"; (2) there is no private right of action under the criminal statutes that Caterbone cites; (3) he attempted to sue entities that are immune to suit, such as federal agencies and the Pennsylvania State Police; and (4) many of his claims are barred by the two-year statute of limitations for civil rights claims. See Dkt. #5. As for the claims that were dismissed without prejudice, we agree with the District Court that those claims were also deficient.[2]

---

[2] While certain claims regarding the incident in Maryland might have been brought in the District Court, see 28 U.S.C. § 1391(e)(1), we agree with it that those allegations, and the ones regarding Caterbone's involuntary psychiatric commitments in July 2015 and February 2016, were conclusory and that they failed to state a claim upon which relief could be granted. See Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (to survive dismissal, complaint must have "sufficient factual matter[,] accepted as true[,] to state a claim to relief that is plausible on [its] face").

Caterbone's motion for reconsideration also lacked merit.  See Lazardis v.

Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).  Because the motion did not

raise any new law or new evidence, and failed to point out any error in the District

Court's original decision that would require reconsideration, the District Court did not

abuse its discretion in denying the motion.[3]

Similarly, Caterbone's notice of appeal and the document that he filed in support

of this appeal do not give any reasons why the District Court's dismissal was in error.

Rather, the documents simply repeat fantastical allegations from his amended complaint

and add other similarly improbable allegations.  We thus will dismiss the appeal.[4]

---

[3] Instead, Caterbone claimed that the District court had intentionally confused the matter with two earlier cases and that the assignment of the matter to Judge Smith "must be reviewed."  He concluded with a rambling discourse that appears to argue that the matter before the District Court was not a "complaint" but was instead a [motion for a] "preliminary injunction for emergency relief" and that it was meant to be a continuation of a complaint he filed in 2016.  Caterbone's contentions do not adequately call into question the District Court's decision to dismiss the amended complaint.

[4] Caterbone's Motion by Appellant for Leave to File an Overlength Argument in Support of the Appeal (ten pages instead of five) is GRANTED, as the document is not excessively long.  However, Caterbone's Motion for Leave to File Exhibits to Argument in Support of the Appeal, his Motion for Leave to Lodge Exhibit "The Torture Memo" (submitted on flash drives, as directed by the Clerk), and his Motion to file Exhibit "NSA Whistleblower William Binney Affidavit July 11, 2017," are all DENIED.  The proposed exhibits do not have any bearing on the propriety of the District Court's dismissal of his amended complaint.  We advise Caterbone that the filing of frivolous, voluminous documents may lead this Court to rescind his electronic filing privilege.  3d Cir. L.A.R. 113.2(d) ("The clerk may terminate without notice the electronic filing privileges of any Filing User who abuses the system by excessive filings, either in terms of quantity or length.").